■ ERICK R. UMANZOR, Appellant, v CHARLES HOFER PAINTING & WALLPAPERING, INC., Respondent, et al., Defendants. (And Third-Party Actions.) [849 NYS2d 889]—

In an action to recover damages for personal injuries, the plaintiff appeals from an amended interlocutory judgment of the Supreme Court, Suffolk County (Weber, J.), entered April 26, 2007, which, upon an order of the same court dated June 16, 2006, granting the motion of the defendant Charles Hofer Painting & Wallpapering, Inc., for summary judgment dismissing the complaint insofar as asserted against it and denying his cross motion for summary judgment against that defendant on the issue of liability under Labor Law § 240 (1), dismissed the complaint insofar as asserted against the defendant Charles Hofer Painting & Wallpapering, Inc.

Ordered that the amended interlocutory judgment is affirmed, with costs.

The defendant Charles Hofer Painting & Wallpapering, Inc., established its prima facie entitlement to judgment as a matter of law by submitting evidence that it was not an owner, contractor, or agent for purposes of liability under Labor Law § 240 (1) (*see* Labor Law § 240 [1]; *Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Rivera, J.P., Santucci, Covello and Balkin, JJ., concur.